F I L E D
United States Court of Appeals
Tenth Circuit

AUG 28 2000

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHERON L. HARRISON,

Plaintiff-Appellant,

v.

DEPARTMENT OF INTERIOR,
BUREAU OF INDIAN AFFAIRS,
Jack Chaney, Acting Area Director,
Office of Tribal Services; JACK
CHANEY,

Defendants-Appellees.

No. 99-7108
(D.C. No. 98-CV-228-S)
(E.D. Okla.)

ORDER AND JUDGMENT *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Sheron L. Harrison appeals from the district court's order upholding the decision of the United States Department of the Interior, Bureau of Indian Affairs (BIA) denying her a Certificate of Degree of Indian Blood (CDIB). [1]  We affirm.

In January 1997, Harrison submitted an application for a CDIB and for tribal membership to the Choctaw Nation on behalf of herself and of other relatives who are not involved in this appeal.  She claimed entitlement to a CDIB based on her purported lineal descent from Cyrus H. Kingsbury, who was enrolled as a member of the Choctaw tribe on the Final Choctaw Rolls.

The Choctaw Nation, acting on behalf of the BIA, denied Harrison's request.  It stated that although Cyrus Kingsbury was enrolled as a member of the Choctaw tribe, he obtained this status as a white person adopted by the tribe (referred to as an "AW" or "adopted white") rather than by possessing a specific quantum of Indian blood.  Harrison appealed this decision to the Muskogee Area Director of the BIA, who reached the same conclusion as the Choctaw Nation and denied the request for a CDIB.  [2]  The Director further found that Ida Kingsbury,

_____

[1]     "Certificates of Degree of Indian Blood ("CDIBs") are issued by the BIA and are the BIA's certification that an individual possesses a specific quantum of Indian blood.  A CDIB entitles the holder to participate in some government assistance programs."   Davis v. United States  , 192 F.3d 951, 956 (10th Cir. 1999).

[2]     The Choctaw Nation also found that it had no record that Cyrus H. Kingsbury had any children.  For this reason, the Muskogee Area Director
(continued...)

-2-

Lucy Ann McDermott, and Annie Keel, other ancestors noted by Harrison in her application, were listed on the rolls as freedmen, with no Indian blood ascribed.

Harrison thereafter sought review of the Director's decision in the district court. On August 23, 1999, after extensive briefing on the matter, the district court issued a well-reasoned order affirming the Director's decision. On appeal from this decision, Harrison makes two basic arguments: first, that the district court failed to review the full administrative record in reaching its decision; and second, that the district court erred in affirming the BIA because she is entitled to a CDIB based on her descent from Cyrus H. Kingsbury.

Appellant's complaints concerning the record lack merit. She first claims that in making its decision, the BIA considered documents in addition to those she submitted, and did not provide them to the district court as part of the administrative record. In order to conduct proper judicial review, a reviewing court should have the full administrative record before it. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), overruled on other grounds by Califano v. Sanders, 430 U.S. 99 (1977). We note, however,

---

[2](...continued)
theorized that Harrison might be related to a "Si Kingsbury," a white man or freedman belonging to the tribe who was listed as the father of Ida Kingsbury. Although Harrison believes that Si Kingsbury and Cyrus H. Kingsbury are the same person, the Director apparently concluded that they were two different people.

that the BIA submitted what it claims was the entire administrative record to the district court. See R. doc. 78; Appellees' Br. at 22-23. Harrison fails to specify *which* specific documents allegedly relied upon by the BIA are missing from the record. Absent a more specific claim of error, we are unable to determine that the administrative record is incomplete. [3]

Relying on dicta in Sac & Fox Tribe v. Andrus, 645 F.2d 858, 861 (10th Cir. 1981), Harrison next argues that the BIA failed to make plain its course of inquiry through proper organization of the administrative record, and instead cobbled together a disorganized administrative record that is unsuitable for our review. We disagree. The administrative record is adequate for our review and adequately discloses the evidence relied upon by the BIA in reaching its decision.

Finally, Harrison argues that the record contains documents that should not have been submitted to the district court. This claim fails for the same reason as her claim that the administrative record is incomplete: she fails to identify any

---

[3] In her reply brief, Harrison identifies a specific document that the BIA allegedly relied upon in deciding her claim, known as the "Proof of Heirship." While this document is not part of the BIA's administrative record, it appears to be contained elsewhere in the record before the district court. See R. doc. 26, ex. 1. Even if the BIA considered this document in deciding her claim, an assertion for which Harrison offers no proof, our de novo review of the document persuades us that its absence from the administrative record was at most, harmless error.

-4-

specific documents that were submitted to the district court but should not have been considered.

We turn to Harrison's challenge to the merits of the BIA's decision. Under the Administrative Procedure Act, we review administrative decisions de novo, according no deference to the district court's decision. See Mt. Emmons Mining Co. v. Babbitt , 117 F.3d 1167, 1170 (10th Cir. 1997). We may set aside the BIA's action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Id. (quotation omitted). Upon careful review of the briefs, the record and the applicable law, we conclude that Harrison has failed to show that the BIA's action should be set aside under this standard.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. Harrison's "Petition to Expedite" is DENIED as moot.

Entered for the Court


Michael R. Murphy
Circuit Judge